W. G. SHAFFER et al., Appellants, v. MOX GLASER et al., Appellees.

**REFORMATION OF INSTRUMENTS: Lack of Interest.** Reformation
1 is properly refused when both the pleadings and the evidence disclose that the plaintiff has no interest in obtaining the reformation asked for.

**TRIAL: Transfer of Cause—Nonprejudicial Entry.** Upon the final
2 dismissal of an action solely for the reformation of a deed, the

plaintiff may not complain that the court embodied in the dismissal order an entry for the transfer of the cause to the law calendar—evidently for the purpose of saving to the plaintiff any possible right which he might have at law.

*Appeal from Chickasaw District Court.*—W. J. SPRINGER, Judge.

APRIL 1, 1924.

REHEARING DENIED JUNE 28, 1924.

SUIT in equity, to reform a deed and for general equitable relief. At the close of the evidence, the trial court denied the relief. The plaintiffs appeal.—*Affirmed.*

*Shaffer & Rehorst* and *R. Feyerbend,* for appellants.

*Condon & Clary,* for appellees.

EVANS, J.—The deed sought to be reformed contained the following description:

"The east three quarters (¾) of the northeast quarter (¼) of Section nineteen (19), Township ninety-five (95), Range twelve (12), containing 120 acres, and all that part of the north-

1. REFORMATION OF INSTRU-MENTS: lack of interest.

west quarter (¼) and the west half (½) of the northeast quarter (¼) Section twenty-one (21) Township ninety-five (95) Range thirteen (13) lying south of the Chicago, Milwaukee and St. Paul railway right of way, west of the 5th P. M., Chickasaw County, Iowa."

The antecedent contract of purchase and sale contained the same description, except the words "containing 120 acres." Omitting the formal allegations of Paragraphs 1 and 2, the petition in full was as follows:

"Par. 3. That, at the time of the transaction, as stated in Par. 1 hereof, all the parties to said deed believed that the tract of land conveyed, and situated in Range 12, contained 120 acres, but that said tract of land in fact only contained 116 70/100

acres.

"Par. 4. That the words 'containing 120 acres,' as shown by the granting clause in said deed, was caused to be inserted by defendants, and said deed, containing said clause, was caused to be accepted by plaintiff by the mistake of all the parties to the deed, as stated Par. 3 hereof.

"Par. 5. That, at the time of the transaction, as stated hereinbefore, all the parties to the deed believed that the tract of land conveyed by the deed and therein described as to be situated in Range 13 contained 129 acres, but that said tract of land in fact contained only 120 acres.

"Par. 6. That plaintiffs paid and defendants received payment for the land situated in Range 12 at the basis of 120 acres, and that this was done while all the parties to the deed believed that said tract of land contained 120 acres, instead of 116 70/100 acres.

"Par. 7. That plaintiff paid and defendants received payment for the land situated in Range 13 at the basis of 129 acres, and that this was done while all the parties to the deed believed that said tract of land contained 129 acres, instead of 120 acres.

"Par. 8. That plaintiffs discovered the mistake hereinabove pleaded as to the number of acres in the land situated in Range 12, on or about the 19th of June, 1919, and long after the 22nd day of March, 1915.

"Par. 9. That plaintiff discovered the mistake hereinabove pleaded as to the number of acres in the land situated in Range 13 on or about the 30th day of November, 1918, and long after the 22nd day of March, 1915.

"Wherefore, plaintiffs pray for the reformation of said deed, so that it will read 116 and 70/100 acres, instead of 120 acres, and for such further reformation thereof and such further relief as the court may deem equitable in the premises, and costs."

The action is brought by the grantee in the deed. It will be noted that the petition is very indefinite, both in its allegation and in its prayer. The brief of appellant filed in this court indicates that what he really wanted was a recovery for the alleged deficiency of acreage in the land purchased. The petition

contains no allegation which could serve as a basis for such recovery, nor does the prayer of the petition ask for such relief, unless it be as incidental to the prayer for reformation. There are allegations that payment was made for the land "at the basis of 120 acres," and "at the basis of 129 acres." There is no allegation that the real contract between the parties was predicated upon a specific price per acre. Neither is there any *allegation* as to what the price per acre was, nor what the lump price was, except as the lump price appears in the deed sought to be reformed. Both the petition and the evidence disclose that the plaintiff has no interest whatever in obtaining the reformation asked for. The reformation, if made, would tend to defeat his ultimate objective, rather than to aid it. The reformation asked is that the deed be made to "read 116 and 70/100 acres, instead of 120 acres." If the deed had been thus written originally, it would be a complete disclosure of the diminished size of the tract, and would furnish a complete defense to any claim of mutual mistake or fraudulent representation. To properly reform the deed now would be to put it into the form mutually intended by the parties at the time of its execution. The legal effect of the deed as so reformed would be precisely the same as though such had been its original form. The brief of appellant indicates that what he really needs is not a reformation of the *deed,* but a reformation of the contract of *settlement* and of the *computation* of the purchase price. This is the natural inference which we draw from his argument. His petition, however, has been aimed at a false target.

Turning to the evidence, it appears that the deed was executed pursuant to an exchange of lands. The price put upon this plaintiff's land was $48,000, and that put upon the defendants' land was $44,000. On the face of the deeds and of the antecedent contract, the prices fixed were lump prices. The plaintiff testified to various conversations with the real estate agent, Willenborg, concerning the acreage of the tract he was about to purchase, wherein Willenborg stated that they contained 120 acres and 129 acres, respectively. Willenborg as a witness testified substantially to the same effect. This testimony was given in the first instance on the theory that Willenborg

was the agent of the defendants. He had obtained a listing contract from them for a limited time. But it further appears that Willenborg was the agent of the *plaintiff*, and had *his* land listed. He conducted the trade on behalf of the *plaintiff*, and received his commission from the *plaintiff*; whereas he received none from the defendants. So that the conversations relied on were mere conversations between the plaintiff and his own agent. There is no evidence of any conversation with the defendants or of any representation or understanding on their part. The antecedent contract contained no reference to quantity. The deed executed pursuant thereto was formulated by the plaintiff personally, and presented to the defendants for execution by Willenborg.

If, therefore, we should ignore the defects of the petition and dispose of the case on the general merits, as disclosed by the evidence, the plaintiff must still fail for want of merit there.

Special complaint is made of the form of the final order entered by the district court. It was as follows:

"Plaintiffs' relief asked in equity denied. Plaintiffs except. This case transferred to the law side of the calendar. Plaintiffs except."

It is to be conceded that the order is rather unusual in form. It would indicate the purpose of the court to deny relief on the equity side, and save to plaintiff whatever right of action 2. TRIAL: transfer of cause: nonprejudicial entry. he might have on the law side. The contention of the plaintiff is that he was properly on the equity side of the court, and that, in any event, no motion had been made to transfer the cause, until the close of the evidence. This argument is predicated upon the theory that the plaintiff's action was brought to recover his deficiency in acreage of the tracts conveyed. On that theory, his action *was* properly brought on the equity side. *Fisher v. Trumbauer & Smith,* 160 Iowa 255, 263 (Supplemental Opinion).

The court's denial of equitable relief was, nevertheless, proper for the reasons herein already appearing, and the plaintiff was in no manner prejudiced by the form of the order. It is, accordingly, affirmed.—*Affirmed.*

ARTHUR, C. J., PRESTON and FAVILLE, JJ., concur.